CHARLES SHINSKY *v.* STATE OF ARKANSAS

5582                                          466 S. W. 2d 911

Opinion delivered May 10, 1971

*Tinnon, Crain & Neimic,* for appellant.

*Ray Thornton,* Attorney General; *Milton R. Lueken,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Charles Shinsky was charged with aiding four persons to escape from the county jail by supplying them with hacksaw blades. He was convicted, fined, and given a jail sentence. Ark. Stat. Ann. § 41-3511 (Repl. 1964). Appellant contends that his motion for a continuance should have been granted, that the court erred in compelling one of the escapees to testify against the wishes of the escapee, and that the evidence was insufficient to support a verdict.

During the night of August 23, 1970, four prisoners lawfully in custody escaped from the Baxter County jail. A string from a mattress was lowered out the window and someone on the ground tied two hacksaw blades thereto. When a sufficient opening was made

the prisoners lowered themselves to the ground by means of a rope made from quilting. The four escapees were captured the next day. They were Leonard O. Naugle, Howard L. Estes, Glenn Sheley, and Ronald Smith. Three of the four men testified for the State. Since the sufficiency of the evidence is attacked we will relate the essential testimony and in the light most favorable to the State.

Leonard Naugle testified that he gained his freedom by the use of hacksaw blades; that they were tied to a string by some person unknown to him; and that one of the blades was found on his person at the time of arrest. Glenn Sheley said that early in the night he talked to Charles Shinsky about bringing some hacksaw blades to the jail but received no reply. He denied having made a statement to the deputy prosecutor that Shinsky brought the blades to the jail. He said he stated that if Shinsky in fact brought the blades there he probably got them from the elder Shinsky's cabinet shop.

The third escapee called as a witness by the State was Howard Estes. He was asked if he was one of the escapees of August 24 and he declined to answer "on the grounds that it might incriminate me." That statement resulted in a hearing in chambers. There it was revealed that Estes was charged in the same court with violating the escape statute and had not yet been tried. Ark. Stat. Ann. § 41-3513. He did not want to testify in the instant case because he was fearful his testimony would tend to prejudice him in his case. It was also shown that Estes had, prior to trial, signed a waiver and had given a written statement to the prosecuting attorney. The waiver and statement were given on advice of Estes's attorney. When those circumstances came to light, Estes's attorney, who was present at the hearing, withdrew any objection to Estes testifying. Back on the witness stand Estes still refused to answer those questions which he thought might result in prejudice to him. Then he was asked about his signed statement in which he recited that Sheley asked Shinsky to bring the blades and that Shinsky returned in a few minutes with them. The statement fur-

ther recited that Estes threw a string out the window and pulled it back up after Shinsky tied the blades to it. When asked by the prosecutor if he made those statements he replied "that's what it reads there." There was no objection by appellant to the described line of questioning.

Douglas Shutt testified that on the night of the escape he drove to the jail accompanied by Shinsky; that Shinsky wanted to talk to Glenn Sheley; that Shinsky got out of the car and went over near the jail and conversed with Sheley; and that Sheley told Shinsky to bring some hacksaw blades to Sheley, to which request Shinsky nodded in the affirmative. After that conversation Shutt said he drove to Shinsky's house trailer. Shutt said he asked Shinsky if he was going to take the blades to the jail and that Shinsky responded "I don't know." Shutt left alone.

We have no hesitancy in saying there is no merit in appellant Shinsky's contention that there is no substantial evidence to support the verdict.

Appellant's contention that the trial court erred in refusing to grant a motion for continuance is likewise without merit. Appellant was arrested August 24, 1970. He was freed on bond within three days. On September 3 he appeared in court with his attorney and entered a plea of not guilty. On the eve of trial he filed his motion for continuance, asserting that his attorneys needed more time to prepare his defense. That motion was overruled and appellant was put to trial on September 16. From the date of appellant's arrest until the trial date almost four weeks intervened in which he could prepare for trial. The motion for continuance simply stated the conclusion that appellant's counsel "have not had adequate time in which to prepare a defense." We find no abuse of discretion. *Nash* v. *State*, 248 Ark. 323, 451 S. W. 2d 869.

We now come to the third and final point for reversal. It is contended that the trial court erred in compelling Howard Estes to testify against appellant

when Estes claimed his constitutional right to remain silent. The right to claim the privilege was personal to Estes and appellant cannot claim the privilege or take advantage of any error of the court in denying the privilege to the witness Estes. 8 Wigmore, Evidence § 2196 (McNaughton rev. 1961); *Bowman* v. *United States,* 350 F. 2d 913 (1965); *United States ex rel Berberian,* 300 F. Supp. 8 (1969). There are a host of other cases to the same effect and they can be found in the cited authorities.

Affirmed.